GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant U.S. Attorney
Arizona State Bar No. 028042
405 W. Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Kevin Stennis Gordon,<br><br>　　　　　　　Defendant. | Case No. CR21-00954-TUC-JAS (BGM)<br><br>RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION<br><br>(Doc. 20) |

Plaintiff, United States of America, by and through its undersigned attorneys, hereby respectfully responds to the Defendant Kevin Stennis Gordon' Motion for Reconsideration of Detention. The government respectfully requests the denial of the motion, because there are no changed circumstances that would justify the reopening of the detention order, nor is there evidence sufficient to overturn the Court's previous rulings.

**Factual and Procedural Background**

Offense Conduct and Indictment

The defendant is charged in the Indictment with two counts of violations of 18 U.S.C. §§ 111(a) and (b), Assault on a Federal Officer. The defendant is alleged to have assaulted two Veteran's Affairs Officers. (Doc. 6.) In Count 1, the defendant is alleged to have caused bodily injury to an officer. (*Id*.) In Count 2, the defendant is alleged to have used a deadly and dangerous instrument to assault another officer. (*Id*.)

The defendant has a prior conviction in Arizona Superior Court (CR20052382) for felony Child Abuse, on May 23, 2006. The defendant was sentenced to three years'

probation. (Doc. 4, pg. 5.) This probation was revoked and 90 days jail with work furlough was imposed on September 25, 2006. (*Id*.) While serving this sentence, the defendant was charged with felony Escape, and was convicted of Attempted 2nd Degree Escape in Pima County Superior Court case CR20064053, and was sentenced to 1 year in prison. (*Id*. at pg. 6.) The defendant was convicted of Aggravated Assault, Domestic Violence, Impede Breathing in Pima County Superior Court case CR20135000 on February 5, 2014, and was sentenced to 90 days in jail and 3 years intensive probation. (*Id*. at pg. 8.) His intensive probation was revoked for Promoting Prison Contraband, and a sentence of 2.5 years imprisonment imposed. (*Id*.) On June 11, 2014, the defendant was convicted of Promoting Prison Contraband in Pima County Superior Court case CR20140699, for possessing a shank, and was sentenced to 2.5 years imprisonment. (*Id*.) The defendant was convicted of Robbery in Pima County Superior Court case CR20182257, and a sentence of 2.5 years imprisonment was imposed on June 4, 2018. (*Id*. at pg. 9.)

<u>Detention Proceedings</u>

While the defendant was found suitable for Community Bridges, Pretrial Services recommended against release, based on the defendant's criminal history, including his prior conviction for Escape, his mental health issues, and his lack of available housing. (Doc. 12.) Based on the information and evidence before the court, Magistrate Judge Markovich found the defendant to be a flight risk, and ordered the defendant detained pending trial. (Docs. 14 and 15.) The defendant has now filed a motion for reconsideration of Order of Detention. (Doc. 20.) In the defendant's motion, the defendant provides as changed circumstances justifying reopening the detention proceedings the lack of a warrant in a misdemeanor case in Tucson City Court. The defendant's motion should be denied.

**Law and Argument**

The defendant has not provided any facts that would rebut the previous finding in this case that the defendant is a flight risk.  There is also substantial danger to the community in this case and the defendant should not be released when taking into

consideration the factors outlined in 18 U.S.C. § 3142(g).

The Court need not reopen the detention hearing, but should the Court do so, the government objects to any release. There has been no change to the nature and circumstance of the offenses, the weight of the evidence, the defendant's history and characteristics, or the nature and seriousness of the danger the defendant presents to the community in general. The defendant has serious charges against him, and the evidence weighs heavily against him, to say nothing of the criminal and mental health history of the defendant. Nothing about the lack of a misdemeanor warrant materially alters Judge Markovich's individualized determination that there are no conditions of release sufficient to assure the defendant's presence for these proceedings.

## Conclusion

The defendant has presented no new evidence material to release conditions regarding flight risk, or frankly, dangerousness, that would permit the reopening of the issue of detention. Even if the defendant did make such a showing, the government has shown that individualized factors demonstrate that no condition or combination of conditions will reasonably ameliorate the flight risk that Judge Markovich specifically found existed as to this defendant.

There is a clear danger that the defendant is a flight risk if released, and is a danger to the community. Therefore, the government respectfully requests this motion be denied.

Respectfully submitted this 12th day of July, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/ Adam D. Rossi*

ADAM D. ROSSI
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 12th day of July, 2021, to:

All ECF Participants